Case 3:20-cv-00202   Document 5   Filed on 06/19/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 19, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHEN WAYNE RICHARDSON, TDCJ #1795088 | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-cv-0202 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

## ORDER TO TRANSFER

Stephen Wayne Richardson, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), has filed a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. The petition challenges a prison disciplinary conviction that was entered against Richardson at the Wayne Scott Unit in Angleton, Texas. After reviewing the pleadings, the court concludes that this action must be transferred to the Victoria Division for reasons set forth briefly below.

Because Richardson is in custody pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined by the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).  The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of only two places: (1) the district in which the state-court conviction was entered, or (2) the district within which the petitioner is incarcerated.  *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Neither Richardson's present place of confinement at the Stevenson Unit (DeWitt County), nor the place of his underlying state-court conviction (Bexar County),[1] are located within the Southern District of Texas, Galveston Division.  *See* 28 U.S.C. § 124(b) (listing counties within the Southern District).  Although the disciplinary conviction at issue occurred at the Wayne Scott Unit (Brazoria County), which is within the Southern District of Texas, Galveston Division, the Fifth Circuit has held that a TDCJ disciplinary tribunal is not a "state court," and, therefore, the place where a disciplinary action occurred cannot be the basis for jurisdiction under § 2241(d).  *Wadsworth*, 235 F.3d at 962.  As a result, this court has no jurisdiction over the pending habeas corpus petition.  *See id.* at 961–62

The district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination.  *See* 28 U.S.C. § 2241(d).  The interests of justice would appear to be best served if this petition were

---

[1] Public records reflect that Richardson is serving a 35-year sentence for manslaughter in Bexar County Cause No. 2010CR10629.  *See* Offender Information Detail, Texas Department of Criminal Justice, available at: http://offender.tdcj.texas.gov (last visited June 19, 2020).

2

transferred to the United States District Court for the Southern District of Texas, Victoria Division, where Richardson is located.  *See* 28 U.S.C. § 124(b)(5) (placing DeWitt County in the Southern District, Victoria Division).

Accordingly, based on the foregoing, the Clerk of Court is **ORDERED** to **TRANSFER** this habeas corpus proceeding to the Clerk of the United States District Court for the United States District Court for the Southern District of Texas, Victoria Division, and to terminate all pending motions.

SIGNED at Galveston, Texas, on ___June 19th___, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

3